**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEMONT LOVE,**  Plaintiff,  v.  **EDISON TOWNWSHIP,** *et al.*  Defendants. | **Civil No. 22-3275 (ES) (LDW)**  **OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court are *pro se* Plaintiff Lemont Love's (i) application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (D.E. No. 4-1) and (ii) motion for leave to file an amended complaint (D.E. Nos. 12 & 12-2 ("Amended Complaint" or "Am. Compl.")).[1] Plaintiff's motion for leave to file an amended complaint is opposed. (D.E. No. 17 ("Opp.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court **GRANTS** Plaintiff's application to proceed IFP and **GRANTS** Plaintiff leave to file the Amended Complaint.

Before permitting service of process, the Court must review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Amended Complaint is **DISMISSED-in-part** *without prejudice*.

---

[1] Unless otherwise noted, pin cites to the Docket Entry numbers 4, 4-1, 10-2, and 12-2 refer to the pagination automatically generated by the Court's electronic filing system.

1

I. BACKGROUND

A. Factual History

***Original Complaint.***[2] While Plaintiff's allegations are somewhat unclear, to the best the Court can determine, the following allegations were contained in his original complaint. On December 19, 2021, Plaintiff fended off an armed gunman who had attempted to rob him in an apartment complex in Edison, New Jersey. (Am. Compl. at 9, ¶¶ 1–2). Edison police arrived at the scene in response to a 911 call, immediately arrested Plaintiff, and searched his pockets. (*Id.* at 9, ¶¶ 3–6). Plaintiff's $4,200.00 in cash was seized from his pockets. (*Id.* at 9–10, ¶¶ 6 & 11). Police began questioning Plaintiff, and then "one of the officers produced a bag of what appeared to be cocaine." (*Id.* at 9, ¶¶ 8– 9). Edison police then searched Plaintiff's vehicle, located his cell phone, and seized it. (*Id.* at 10, ¶¶ 13–14). Plaintiff alleges that he was falsely arrested. (*Id.* at 10, ¶¶ 13 & 15). It is unclear where and how long Plaintiff was detained.

Following his release, on January 5, 2022, Plaintiff went to the Edison police department to retrieve his cell phone, which police officer Frank Todd, one of the defendants in this matter, "aggressive[ly]" refused. (*Id.* at 10, ¶ 18). Plaintiff alleges that "[a]s a result of this incident," he was placed on GPS monitoring by his parole officer for violating the conditions of his parole. (*Id.* at 10–11, ¶¶ 21–22).[3] In connection with these allegations, Plaintiff brings claims against Edison police officers Frank Todd, Joseph Depasquale, Nicholas Lebrato, Douglas Zavoda, Alan Sciarillo, Thomas Bryan, Howard Askelson (collectively, "Edison Police Defendants"), Edison Township, and parole supervisor Arafan Dumbaya pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged

---

[2] The allegations in the original complaint are also contained in the Amended Complaint. As further explained below, *see infra* Note 4, the Court will screen the Amended Complaint only to the extent that it differs from the original complaint, which has already been filed and served. As such, the original complaint is described here to provide background.

[3] The reason Plaintiff was on parole is unclear.

2

violations of his First and Fourteenth Amendment rights, including false arrest, false imprisonment, and conspiracy. (*Id.* at 4–5 & 13–15).

*Amended Complaint.* The allegations in the Amended Complaint are also somewhat unclear. To the best that the Court can determine, Plaintiff brings additional claims against several new defendants that fall into four categories, described as follows.

*First*, Plaintiff alleges that Edison police officers Joseph Chonka and Rudolph Innocenti "assist[ed] in his arrest without probable cause," on December 19, 2021. (*Id.* at 25–26).

*Second*, Plaintiff brings new claims against Edison Municipal Court employees Jacqueline Agusto and Glenn Grant. Specifically, Plaintiff alleges that on May 9, 2022, he brought a video camera to the Edison Municipal Court and recorded while he sought to file a complaint against certain of the Edison Police Defendants. (*Id.* at 6, ¶ 11; *id.* at 16–17, ¶¶ 32–43). According to Plaintiff, court administrator Jacqueline Agusto refused to provide him with a complaint form unless he stopped recording, which was prohibited. (*Id.* at 16, ¶ 41). Plaintiff acknowledges that he saw signs posted in the lobby indicating that recording was prohibited. (*Id.* at 17, ¶ 43). He alleges that administrative director Glenn Grant created the "unconstitutional" no-recording policy in violation of the First Amendment. (*Id.* at 6, ¶ 12; *id.* at 17, ¶¶ 44–45; *id.* at 25). Plaintiff seeks damages, as well as an injunction ordering that Agusto furnish him with a complaint form, and that Grant remove Edison Municipal Court's no-recording policy. (*Id.* at 23–24, ¶¶ 105–106; *id.* at 31).

*Third*, Plaintiff alleges additional conspiracies to violate his constitutional rights amongst almost every combination of defendants. (*Id.* at 26–27).

*Fourth*, Plaintiff brings the following claims specifically under the New Jersey Tort Claims Act, N.J.S.A. § 59:3-14(a) ("NJTCA"). (Am. Compl. at 18–24).

3

*Claims against Prosecutor Defendants and the City of New Brunswick.* Plaintiff alleges that on June 9, 2022, he received notice that all charges against him were dismissed. (D.E. No. 12-1 ¶ 1). Based on this allegation, Plaintiff adds as defendants the City of New Brunswick and prosecutors Eric Snyder, Katie Magee, Susan Carracino, and Yolanda Ciccone (collectively, the "Prosecutor Defendants") in connection with alleged prosecutorial misconduct. (Am. Compl. at 6–7, ¶¶ 15–19; *id.* at 18–20, ¶¶ 51–75). Plaintiff alleges that Snyder, Magee, and Carracino each engaged in prosecutorial misconduct in relation to his December 19, 2021 arrest. Specifically, as to Snyder, Plaintiff alleges he "filed a motion" to "keep [him] incarcerated" even though he "knew [P]laintiff was innocent." (*Id.* at 6, ¶ 15; *id.* at 18, ¶¶ 51–54). As to Magee, Plaintiff alleges he offered him a guilty plea "knowing there was no probabl[e] cause" before ultimately moving to dismiss all charges against him. (*Id.* at 7, ¶ 16; *id.* at 18–19, ¶¶ 55–61). As to Carracino, Plaintiff alleges he "submitted a falsified verified forfeiture complaint" against him in an attempt to "take [his] money" before ultimately moving to dismiss the charges against him. (*Id.* at 7, ¶ 17; *id.* at 19, ¶¶ 63–65). As to Ciccone, Plaintiff brings a claim for negligent training or supervision, alleging that she is "in charge of all the defendants," has received "a number of complaints" regarding "misconduct of her subordinates," and has not taken any action to address a "prosecutorial misconduct policy." (*Id.* at 7, ¶ 18; *id.* at 19–20 ¶¶ 71–73).

As to Plaintiff's claim against the City of New Brunswick, Plaintiff alleges that the City of New Brunswick "employs the defendants" and has "a long[-]standing custom or practice of allowing its employees to violate the rights of citizens." (*Id.* at 7, ¶ 19; *see also id.* at 20, ¶¶ 74–75). He alleges that the City of New Brunswick has received complaints regarding "prosecutors violating the rights of citizens" but has not taken action. (*Id.* at 20, ¶ 75).

*Claims Against the Parole Defendants and City of Trenton.* Plaintiff alleges that on July 12, 2022, he reported to his parole officer while using a video camera to record at the parole office despite signs he read in the lobby that prohibited video recording. (*Id.* at 21–23, ¶¶ 77–100). Plaintiff alleges Trenton parole official Adonis Hernandez "[t]hreatened to revoke Plaintiff's parole" if he brought a camera to the parole office again. (*Id.* at 8, ¶ 22; *id.* at 22, at ¶ 89). He further alleges that Trenton parole officials James Dickinson, Rebecca Hiltner, and Chizorom Ebisike (collectively, and together with Defendant Dumbaya, the "Parole Defendants") failed to "correct the misbehavior," which appears to reference Hernandez's threat to revoke his parole. (*Id.* at 28). In connection with these allegations, Plaintiff brings claims against the City of Trenton and the Parole Defendants for failure to "adequately train and/or supervise." (*Id.* at 8 & 28).

As to Plaintiff's claim against the City of Trenton, Plaintiff alleges that the City of Trenton employs certain of the Parole Defendants—specifically, Dickinson, Ebisike, and Hiltner—and "has a long standing practice, policy[,] or custom of hiring employees without oversight [and] allowing them to violate the constitutional rights of citizens without fear of repercussion." (*Id.* at 23, ¶ 104).

Plaintiff additionally brings a claim against parole officer Dickinson for "unlawfully seiz[ing] [his] money" on November 17, 2022, by attempting to collect fines Plaintiff alleges he paid in 2015. (*Id.* at 23, ¶¶ 101–03; *id.* at 28). Particularly, Plaintiff alleges that he "received a letter from the division of revenue stating that the New Jersey State Parole Board placed a hold on [his] refund check in the amount of $1297 for confiscation because of some alleged 'delinquent account.'" (*Id.* at 23, ¶ 102). Plaintiff alleges he informed Dickinson that he paid off his fines and "demanded" that he release the hold on his funds, but Dickinson has not done so. (*Id.* at 23, ¶ 103).

### B. Procedural History

On June 3, 2022, Plaintiff initiated this action pursuant to Section 1983 and New Jersey law in the Superior Court of New Jersey, Middlesex County. (D.E. No. 2-1 at 1). On June 3, 2022, Defendant Dumbuya removed the action to this Court and paid the associated filing fee. (D.E. No. 2). On June 6, 2022, Plaintiff filed the instant application to proceed IFP, including a request for the United States Marshal's Service to serve his amended complaint. (D.E. No. 4 at 1 & D.E. No. 4-1). Plaintiff also filed his first motion to amend the complaint. (D.E. No. 4-2). Before his motion to amend was decided, on June 17, 2022, Plaintiff filed a second motion to amend the complaint. (D.E. No. 7). On June 27, 2022, the Court issued a Scheduling Order providing that "[a]ny request for leave to file a motion to add new parties or amend pleadings . . . must be filed not later than October 1, 2022." (D.E. No. 9 ¶ 13). On June 28, 2022, before either of his previous motions to amend had been decided, Plaintiff filed a third motion to amend the complaint. (D.E. No. 10).

Following the October 1, 2022 deadline to add parties or amend pleadings, and before his third motion to amend had been decided, on November 20, 2022, Plaintiff filed the fourth and instant motion to amend the complaint. (D.E. No. 12). On December 13, 2022, counsel for the Edison Police Defendants and Edison Township filed a letter opposing the motion, specifically opposing the additional claims against Agusto, Officer Innocenti, and Officer Chonka. (Opp. at 1).

## II. LEGAL STANDARDS

### A. Amendment of Pleadings

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Hayes v. Philadelphia Transp. Co.*, 312 F.2d 522, 523 (3d Cir. 1963) (noting that Rule 15 should be applied liberally). The decision to permit amendment rests in the sound discretion of the court. *See Heyl & Paterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (i) undue delay; (ii) bad faith or dilatory motive; (iii) undue prejudice; or (iv) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

  **B.** **Sua Sponte Dismissal**

Under 28 U.S.C. § 1915, the Court must sua sponte dismiss any claim that (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)–(iii). The Court will be forgiving of complaints filed *pro se* and construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). "When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of*

*Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

A complaint must also comply with Rule 8. Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." *Id.* at 8(d)(1). The Rule further requires that the complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).

## III.   DISCUSSION

### A.   Motion to File the Amended Complaint

Plaintiff filed the instant motion to amend on November 20, 2022. (D.E. No. 12). As noted above, the Court's Scheduling Order provided that the deadline to add new parties or amend the pleadings was October 1, 2022. (D.E. No. 9 ¶ 13). However, because the Court will allow Plaintiff the opportunity to address the deficiencies in the pleadings, outlined below, and does not otherwise perceive of bad faith, dilatory motive, or undue prejudice, the Court exercises its discretion to consider the Amended Complaint. *See Foman*, 371 U.S. at 182; *see also Heyl*, 663 F.2d at 425.

Counsel for the Edison Police Defendants and Edison Township opposes Plaintiff's motion—specifically as to the additional claims against Agusto, Officer Innocenti, and Officer Chonka—arguing that these additional claims should be barred because they were not filed by the

8

October 1, 2022 deadline. (Opp. at 1–2). The Court notes that Plaintiff properly attached a proposed amended complaint to his prior motion filed on June 28, 2022, which included the additional claims against Agusto, Officer Innocenti, and Officer Chonka. (D.E. No. 10-2 at 4, 13–14 & 18–20). Thus, it cannot be said that counsel was not on notice of such claims before the October 1, 2022 deadline. And, as noted above, the Court does not find that Agusto, Officer Innocenti, and Officer Chonka will be unduly prejudiced by the amendment. *See Foman*, 371 U.S. at 182.

Accordingly, leave to file the Amended Complaint is **GRANTED**. Nonetheless, the Court reminds Plaintiff of his obligation to abide by Court orders and all applicable Local and Civil rules. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting *pro se* litigants "must abide by the same rules that apply to all other litigants"). While the Court stands ready to address Plaintiff's bona fide claims, and to grant relief if warranted, Plaintiff is on notice that requests for reasonable extensions of time must be supported by good cause and filed prior to the expiration of the deadline sought to be extended. *See* Fed. R. Civ. P. 6(b); L. Civ. R. 6.1.

### B.   Application to Proceed IFP[4]

28 U.S.C. § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. Dupont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that

---

[4] The Court notes that prior to removal, the Honorable Dennis Nieves, J.S.C., New Jersey Superior Court, Middlesex County, waived Plaintiff's filing fee, and Defendant Dumbuya paid the filing fee associated with the removal of this case. (D.E. No. 2; D.E. No. 4-1 at 3). So as not to deprive Plaintiff of services he would otherwise be entitled to if not for removal, such as his request for service of process by the United States Marshal's service (D.E. No. 4 at 1), the Court will screen the Amended Complaint for IFP status to the extent that it differs from Plaintiff's original complaint, which has already been filed and served.

he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339.

Based on Plaintiff's IFP application, made under penalty of perjury, the Court finds that Plaintiff cannot both defend this action and still be able to provide himself with the necessities of life. Accordingly, the Court **GRANTS** his application.

Having granted Plaintiff's application, the Court will screen his Amended Complaint under § 1915(e)(2)(B) before permitting service of process. *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018).

### i. Section 1983 Claims[5]

A plaintiff may have a cause of action under Section 1983 for certain violations of his constitutional rights. Specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S. § 1983. Therefore, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

***Claims Against Officers Chonka and Innocenti.*** While the circumstances of Plaintiff's arrest are somewhat unclear, Plaintiff alleged in his original complaint that Edison police arrived

---

[5] The Court construes Plaintiff's claims arising from alleged constitutional violations, in the absence of any indication to the contrary, as being brought under Section 1983.

at an apartment complex in response to a 911 call, immediately arrested him, and then searched his pockets. (Am. Compl. at 9–10, ¶¶ 1–14). In the Amended Complaint, he further alleges that Officers Chonka and Innocenti "arrest[ed] [P]laintiff or assist[ed] in his arrest without probable cause," "imprison[ed] [P]laintiff or assist[ed] in his imprisonment without probable cause," and "search[ed] or assist[ed] in the search and seizure of [P]laintiff, his cellphone, money and vehicle" in violation of the Fourth and Fourteenth Amendments. (*Id.* at 25–26).

To state a claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest" or seizure of a person and "(2) that the arrest [or seizure] was made without probable cause." *James*, 700 F.3d at 680 (alteration in original). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 Fed. App'x. 198, 201 (3d Cir. 2011) (*per curiam*) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). "False arrest and false imprisonment 'are nearly identical claims, and are generally analyzed together.'" *Jones v. Somerset Cnty. Prosecutor's Off.*, No. 15-2629, 2015 WL 5248573, at *4 (D.N.J. Sept. 9, 2015) (quoting *Brockington v. City of Philadelphia*, 354 F. Supp. 2d 563, 571 n.8 (E.D. Pa. 2005)). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quotation marks and citations omitted).

Here, Plaintiff has not alleged sufficient facts to state a plausible claim that he was searched or seized without probable cause by Officers Chonka and Innocenti. Although he baldly alleges that Officers Chonka and Innocenti searched and held him without probable cause, he does not provide factual allegations in support of those conclusory assertions. In other words, Plaintiff has

failed to allege sufficient facts and circumstances about the search and seizure on December 19, 2021 to support a plausible inference that Officers Chonka and Innocenti lacked probable cause to search and detain him. His claims therefore fail. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."); *Gayle v. Dorward*, 440 F. Supp. 3d 409, 415 (E.D. Pa. 2020) (dismissing the plaintiff's "bald[]" allegations that he was arrested without probable cause in screening the complaint under Section 1915); *Harold v. Bagley*, No. 21-0501, 2022 WL 1094047, at *2 (D.N.J. Apr. 12, 2022) (same).

Accordingly, Plaintiff's claims against Officers Chonka and Innocenti are **DISMISSED**.

***Claims Against Agusto and Grant.*** In the Amended Complaint, Plaintiff claims court administrator Agusto and administrative director Grant violated his First and Fourteenth Amendment rights because Agusto refused to provide him with a complaint form unless he stopped recording at Edison Municipal Court in accordance with the courthouse's no-recording policy, and because Grant created the "unconstitutional" no-recording policy. (Am. Compl. at 6, ¶¶ 11–12; *id.* at 16–17, ¶¶ 32–45; *id.* at 25).

Courts have the power to control the premises of both the courtroom and the courthouse. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966). The Third Circuit has found that policies forbidding media recording in courtrooms or in the vicinity of courtrooms do not interfere with the First Amendment. *Tribune Review Pub. Co. v. Thomas*, 254 F.2d 883, 885 (3d Cir. 1958). Thus, the policy allegedly enforced by Agusto and created by Grant is in accordance with binding precedent. Because Plaintiff alleges he was filming in the courthouse despite signs prohibiting

video recording, the Amended Complaint does not include facts supportive of a constitutional violation.

Accordingly, Plaintiff's claims against Agusto and Grant are **DISMISSED**.

In light of the dismissal of Plaintiff's claims against Agusto and Grant, Plaintiff lacks a basis for the injunctive relief sought in the Amended Complaint. *See Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 478 (D.N.J. 2001) (noting plaintiffs requesting injunctive relief "must allege a real and immediate threat of future injury"). Accordingly, Plaintiff's claim for injunction relief, specifically seeking an order requiring that Agusto furnish him with a complaint form and that Grant remove the no-recording policy, is **DISMISSED**.

***Conspiracy Claims.*** In the Amended Complaint, Plaintiff alleges conspiracies to violate his constitutional rights amongst almost every combination of defendants. (*See* Am. Compl. at 26–27). To demonstrate the existence of a conspiracy under Section 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 Fed. App'x. 136, 140 (3d Cir. 2013) (citations omitted). To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). The complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." *Twombly*, 550 U.S. at 557.

Plaintiff has alleged no facts to support a conspiracy claim. He simply states that different combinations of defendants conspired to deprive him of various constitutional rights. Such sparse and conclusory allegations are insufficient to state a claim under *Iqbal*. *See* 556 U.S. at 678. Therefore, Plaintiff fails to state a claim for conspiracy at this time.

Accordingly, Plaintiff's conspiracy claims are **DISMISSED**.

### ii. NJTCA Claims

The NJTCA requires notice of a claim of injury against a public entity or public employee to be presented within ninety days of the accrual of a cause of action. *See* N.J.S.A. § 59:8-3 ("No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."); *see also* N.J.S.A. § 59:8-8 (requiring that a claim be brought "not later than the 90th day after accrual of the cause of action"). "After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law." N.J.S.A. § 59:8-8. "A plaintiff is forever barred from recovering damages from a public entity if 'he fail[s] to file his claim with the public entity within ninety (90) days.'" *Noble v. City of Camden*, 112 F. Supp. 3d 208, 233 (D.N.J. 2015) (alteration in original) (quoting N.J.S.A. § 59:8–8).

The NJTCA's notice requirement achieves several goals: it "allows the public entity time to review the claim and to promptly investigate the facts and prepare a defense; provides them an opportunity to settle meritorious claims before bringing suit; grants them an opportunity to correct the conditions which gave rise to the claim; and allows them to inform the State in advance as to the expected liability." *Id.* (quoting *Velez v. City of Jersey City*, 850 A.2d 1238, 1242 (N.J. 2004)).

The notice of claim provision applies to causes of action based on the intentional conduct of public employees. *Davis v. Twp. of Paulsboro*, 371 F. Supp. 2d 611, 619 (D.N.J. 2005). "[T]he notice [requirements are] triggered by the occurrence of injury and [notice] must be filed in order for a complaint to be lodged against the public entity." *Beauchamp v. Amedio*, 751 A.2d 1047, 1052 (N.J. 2000); *see also Cliett v. City of Ocean City*, No. 06-4368, 2007 WL 2459446, at *3 (D.N.J. Aug. 24, 2007) ("[T]he accrual date of a claim is the date on which the alleged tort is

committed or the negligent action or omission occurred."). The filing of a complaint does not satisfy the notice requirement. *See Guzman v. City of Perth Amboy*, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986) (noting that "the filing of a complaint would not be a substitute for the notice required by statute"); *Baker v. Allen,* No. 03-2600, 2006 WL 1128712, at *16 (D.N.J. Apr. 24, 2006) ("Strict compliance is required to satisfy the [NJTCA], and the filing of a complaint is not a substitute for a notice of claim."). A complaint that does not plead compliance with the NJTCA's notice requirements will not survive the motion to dismiss standard. *Whatley v. Edna Mahan Corr. Facility*, No. 20-12295, 2021 WL 689153, at *2 (D.N.J. Feb. 23, 2021).

Here, the Amended Complaint does not suggest compliance with the procedural requirements of the NJTCA. As to Plaintiff's claims against the Prosecutor Defendants and the City of New Brunswick in connection with alleged malicious prosecution, Plaintiff alleges that on June 9, 2022, he received notice that all charges against him were dismissed. (D.E. No. 12-1 ¶ 1). As such, based on the current pleadings, notice regarding these claims would have been due on September 7, 2022. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (noting that, as an exception to the general accrual date rule, a malicious prosecution claim accrues "once the underlying criminal proceedings have resolved in the plaintiff's favor"). As to Plaintiff's claims against the Parole Defendants and the City of Trenton, Plaintiff alleges that he reported to the parole office on July 12, 2022. (Am. Compl. at 21–22, ¶¶ 77–91). As such, notice of claims arising from Plaintiff's July 12, 2022 visit to the parole office would have been due on October 10, 2022. As to Plaintiff's claim specifically against parole officer Dickinson, Plaintiff alleges that Dickinson "unlawfully seized [his] money" on November 17, 2022. (*Id.* at 23, ¶¶ 101–03). As such, notice of such claim would have been due on February 15, 2023. Because Plaintiff has not set forth that he filed a notice of claim before he filed suit, the Court is barred by N.J.S.A. §

15

59:8–8 from considering Plaintiff's state tort claims. *See, e.g.*, *Guzman*, 518 A.2d at 760–61 (holding that plaintiff's claims were barred because plaintiff failed to comply with the notice requirement under N.J.S.A. § 59:8–8); *Pinckney v. Jersey City*, 355 A.2d 214, 215 (N.J. Super. Ct. 1976) (same).

Accordingly, because Plaintiff has not alleged that he filed a notice of claim pursuant to N.J.S.A. § 59:8-8, Plaintiff's NJTCA claims are **DISMISSED.**

## IV.   CONCLUSION

As previously noted, prior to removal, Defendant Dumbuya paid the filing fee associated with the removal of this case.  (D.E. No. 2).  So as not to deprive Plaintiff of services he would otherwise be entitled to if not for removal of this case, such as his request for service of process by the United States Marshal's service (D.E. No. 4 at 1), the Court has screened the Amended Complaint for IFP status only to the extent that it differs from Plaintiff's original complaint, which has already been filed and served.  Based on the foregoing, Plaintiff's application to proceed IFP is **GRANTED**, and his motion for leave to file an amended complaint is **GRANTED**.  To the extent that the Amended Complaint differs from the original complaint, the Amended Complaint is **DISMISSED.**  Dismissal is *without prejudice* to Plaintiff's ability to replead.  Plaintiff may choose to stand on the remaining claims in the Amended Complaint.

If Plaintiff repleads, he must clearly outline: all facts supporting his claims in one chronological narrative; which factual allegations relate to each cause of action; against which of the defendants he brings each cause of action; and the legal basis for each cause of action.  He may do so by submitting, with an amended complaint, one addendum outlining the appropriate information in sequentially numbered paragraphs.  Plaintiff is on notice that failure to timely file

an amended complaint as such or to cure the deficiencies outlined in this Opinion may result in dismissal *with prejudice*.

      An appropriate Order accompanies this Opinion.

Date: May 23, 2023　　　　　　　　　　　　　　　　　　/s/ *Esther Salas*
　　　　　　　　　　　　　　　　　　　　　　　　　　　**Hon. Esther Salas, U.S.D.J.**